**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **RONALD SATISH EMRIT,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 23-cv-2305-JAR-TJJ** |
| **SABINE AISHA JULES,** | |
| **Defendants.** | |

**ORDER AND REPORT AND RECOMMENDATION**

Ronald Satish Emrit, proceeding *pro se,* filed this action against Sabine Aisha Jules alleging tortious interference with family relations.[1] This matter comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3).

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit…[if] the person is unable to pay such fees or give security therefor."[2] To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees. The decision to grant or deny *in forma pauperis* status under section 1915 lies within the "wide discretion" of the trial court.[3]

---

[1] Complaint at 6 (ECF No. 1).

[2] 28 U.S.C. § 1915(a)(1).

[3] *Lister v. Dept. of Treas.*, 408 F.3d 1309, 1313 (10th Cir. 2005) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306-07 (11th Cir. 2004)).

Based on the information contained in his Affidavit of Financial Status (ECF No. 3), Plaintiff has shown a financial inability to pay the required filing fee. Plaintiff claims he is unemployed and receives $10,800 per year in Social Security payments.[4]  Plaintiff also claims total monthly expenses of $640.[5]  Because Plaintiff receives yearly Social Security payments in the amount of only $10,800, which is less than the federal poverty level for a single person ($14,580)[6], the Court finds Plaintiff has insufficient financial resources to pay the filing fee.

## I.      Frivolous and Duplicative Action

When a party seeks to proceed without the prepayment of fees, § 1915 requires the court to screen the party's complaint. The court must dismiss the case if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit. The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."

Plaintiff married Defendant in Las Vegas, Nevada, in 2002, and they were divorced in Fort Lauderdale, Florida, in 2006. Plaintiff brings one claim against Defendant: tortious interference with family relations. Plaintiff argues Defendant "committed the tortious interference with family relations by interfering with his prior engagement to Rachel Barreiro

---

[4] Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 3 at 1, 5).

[5] *Id.* at 5.

[6] *See* Federal poverty level (FPL), HealthCare.gov, https://www.healthcare.gov/glossary/federal-poverty-level-fpl/.

Garci of Las Tunas, Cuba."[7]   Plaintiff does not allege any facts regarding this claim.   Plaintiff seeks "to obtain an injunction as an equitable remedy in the form of an annulment."[8]   Plaintiff contends this remedy is "appropriate given that it has been proved that the plaintiff is embarrassed to admit that he was married to the sole defendant who is not his type as he was trying to 'break up' with the sole defendant in 2002 before he got married on August 31st, 2002."[9]

As of January 2023, Plaintiff has "initiated at least 338 cases in federal courts across the country."[10] Plaintiff admits in his Complaint that he is "now 'forum shopping' in several federal courts to obtain an annulment of [his] previous marriage."[11] Plaintiff has repeatedly sought an annulment of his previous marriage in federal court, and as recently as July 11, 2023, an identical Complaint to the one in this case was dismissed in the Northern District of Oklahoma. [12]

---

[7] Complaint at 6 (ECF No. 1).

[8] *Id.* at 7.

[9] *Id.* at 8.

[10] *Emrit v. Jules*, No. 4:23-CV-00008-WS-MAF, 2023 WL 2229022, at *2 n. 1 (N.D. Fla. Jan. 20, 2023), report and recommendation adopted, No. 4:23CV8-WS/MAF, 2023 WL 2229020 (N.D. Fla. Feb. 10, 2023) ("A search of Pacer confirms Plaintiff filed at least 338 cases in thirty-six states: Alaska, Alabama, Arkansas, California, Connecticut, District of Columbia, Delaware, Florida, Georgia, Hawaii, Iowa, Idaho, Iowa, Illinois, Indiana, Kansas, Louisiana, Massachusetts, Maryland, Maine, Missouri, Montana, North Carolina, Nebraska, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, Wisconsin, West Virginia, and Wyoming."); *Emrit v. Jules*, No. CV 5:23-110-DCR, 2023 WL 2898502, at *1 (E.D. Ky. Apr. 11, 2023) ("As two other judges in this District have recently noted, Emrit has an established history of engaging in frivolous and abusive litigation.").

[11] Complaint at 2 (ECF No. 1).

[12] *Emrit v. Jules*, No. 23-CV-0278-CVE-MTS, 2023 WL 4477242, at *3 (N.D. Okla. July 11, 2023).

Plaintiff has a pattern of filing identical cases simultaneously and "was warned by other courts to refrain from submitting duplicative and frivolous pleadings."[13]

Several federal courts have communicated to Plaintiff that federal courts lack jurisdiction to grant a divorce or annulment and that Plaintiff needs to bring his case in the proper venue.[14] Even so, Plaintiff continues to file duplicative, shotgun pleadings against Defendant to circumvent the federal judicial process. Therefore, the Court recommends dismissal of Plaintiff's Complaint as frivolous, duplicative, and an abuse of the judicial process.

## II.    Subject Matter Jurisdiction

"Federal Courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'"[15]  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[16]

---

[13] *Emrit v. Jules*, No. 4:23-CV-00008-WS-MAF, 2023 WL 2229022, at *4 (N.D. Fla. Jan. 20, 2023).

[14] *Id.* at *3; *Emrit v. Fort Lauderdale Police Dep't*, No. 22-CV-62038-RAR, 2022 WL 16745264, at *2 (S.D. Fla. Nov. 7, 2022), appeal dismissed, No. 22-13836-H, 2023 WL 1814984 (11th Cir. Jan. 3, 2023); *Emrit v. Jules*, No. CV 5:23-110-DCR, 2023 WL 2898502, at *2 (E.D. Ky. Apr. 11, 2023).

[15] *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 (2006)).

[16] Fed. R. Civ. P. 12(h)(3).

Plaintiff claims federal court jurisdiction over his claim "on the grounds of diversity and a federal question presented."[17]   However, it is well established that federal courts lack jurisdiction to grant a divorce or annulment.   The domestic relations exception to federal diversity jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees."[18]   Further, Plaintiff admits in his Complaint that the amount in controversy does not exceed $75,000, as required under 28 U.S.C. § 1332. Therefore, the Court does not have diversity jurisdiction over Plaintiff's claim.

Plaintiff also claims federal question jurisdiction over his claims, citing Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, the Equal Protection Clause of the 5th and 14th Amendments, the 4th Amendment right to privacy, the 13th Amendment abolition of slavery, and others.[19] However, the Constitutional provisions and federal statutes cited in his Complaint have no relevance to his claim, and he fails to state a specific federal question at issue. Therefore, the Court recommends dismissal of this action for lack of subject matter jurisdiction.

## III.   Personal Jurisdiction and Venue

"The Court may dismiss an in forma pauperis plaintiff's complaint for lack of personal jurisdiction and improper venue, despite the fact that these defenses can be waived under Fed. R.

---

[17] *Id.* at 4.

[18] *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)

[19] Complaint at 1–4 (ECF No. 1).

Civ. P. 12(h)(1)."[20]  The Court may consider personal jurisdiction and venue *sua sponte* only "when the defense is obvious from the face of the complaint and no further factual record is required to be developed."[21] The Court should only dismiss the case if "'it is clear that [the plaintiff] can allege no set of facts' to support personal jurisdiction or venue."[22]

A.    *Personal Jurisdiction*

"In determining whether a federal court has personal jurisdiction over a defendant, the court must determine '(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process.'"[23]

Plaintiff seemingly brings one count of tortious interference with family relations under state law, which does not provide for nationwide service of process. "Fed. R. Civ. P. 4(k)(1)(A) refers the court to the Kansas long-arm statute which allows jurisdiction to the full extent permitted by due process and, therefore, the court proceeds directly to the constitutional issue."[24]

---

[20] *Lietzke v. City of Montgomery, Ala.*, No. 14-2173-RDR, 2014 WL 1775744, at *1 (D. Kan. May 5, 2014) (citing *Brown v. Peter Francis Jude Beagle Law Office*, 08–3311–SAC, 2009 WL 536596, at *1 (D. Kan. Mar. 3, 2009)).

[21] *Brown*, 2009 WL 536596, at *1.

[22] *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Sanders v. United States*, 760 F.2d 869, 871 (8th Cir. 1985).

[23] *Id.* at 1217 (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)).

[24] *WAKE 10, LLC v. McNaughton, Inc.*, 588 F. Supp. 3d 1231, 1235 (D. Kan. 2022)

"The exercise of jurisdiction over a nonresident defendant comports with due process 'so long as there exist minimum contacts between the defendant and the forum State.'"[25]

Here, Plaintiff fails to set forth any facts in his Complaint to support the exercise of personal jurisdiction by this court over Defendant. As presented in the Complaint, neither Plaintiff nor Defendant resides in or has any connection to Kansas.  Plaintiff resides in Florida and Maryland, and Plaintiff believes Defendant resides in Fort Lauderdale and/or Broward County, Florida.[26] Plaintiff alleges the events mentioned in his Complaint occurred in Las Vegas, Nevada, Phoenix, Arizona, and Fort Lauderdale, Florida.[27] There is no mention of Defendant's connection to Kansas. Therefore, the complaint is subject to dismissal for lack of personal jurisdiction.

B.    *Venue*

Pursuant to 28 U.S.C. § 1391(b), venue is proper in:

(1)    A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)    A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)    If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such an action.

---

[25] *Id.* (quoting *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir.2000)).

[26] Complaint at 3 (ECF No. 1).

[27] *Id.* at 3, 6, and 8.

As stated previously, Defendant does not reside in Kansas.  Plaintiff resides in Florida and Maryland, and Plaintiff believes Defendant resides in Fort Lauderdale and/or Broward County, Florida.[28] Further, Plaintiff alleges the events mentioned in his Complaint occurred in Las Vegas, Nevada, Phoenix, Arizona, and Fort Lauderdale, Florida.[29] Finally, as Defendant has no connection to Kansas as stated above, she is not subject to the Court's personal jurisdiction. Because no party resides in the district and no events are alleged to have occurred in the district, venue is improper in the District of Kansas.

Accordingly, for all of the reasons set out above, the undersigned U.S. Magistrate Judge recommends that Judge Robinson **DISMISS** this action without prejudice.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the recommended disposition. If Plaintiff does not timely file his objections, no court will allow appellate review.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3) is granted, but the Court withholds service of process pending Judge Robinson's review of Plaintiff's Complaint.

A copy of this report and recommendation shall be mailed to plaintiff.

---

[28] Complaint at 3 (ECF No. 1).

[29] *Id.* at 3, 6, and 8.

8

IT IS SO ORDERED.

Dated this 31st day of July, 2023, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

9